## STATE v. ANDREW LUDMAN.[1]

March 11, 1927.

No. 25,889.

**Charge to jury not argumentative.**
    1.  The charge of the court was not in error as argumentative.

**Remark of trial judge construed as supporting his ruling in favor of defendant.**
    2.  There was no error, available to the defendant, in a ruling in his favor upon an objection; nor did the remark of the court in making the ruling indicate that an issue in the case had been proved.

Criminal Law, 16 C. J. p. 833 n. 96; p. 1036 n. 62; 17 C. J. p. 309 n. 90; p. 359 n. 59.

Defendant appealed from a judgment of the municipal court of Minneapolis, Fosseen, J., convicting him of driving an automobile while intoxicated and from an order denying his motion for a new trial.    Order and judgment affirmed.

*Benjamin M. Rigler*, for appellant.

*Clifford L. Hilton*, Attorney General, *Neil M. Cronin*, City Attorney, and *Palmer 'B. Rasmussen*, Assistant City Attorney, for the state.

DIBELL, J.

The defendant was convicted in the municipal court of Minneapolis of driving an automobile while he was intoxicated.    The prosecution was under L. 1925, p. 666, c. 416, § 29.    He appeals from an order denying his motion for a new trial and from the judgment of conviction.

The motion for a new trial is directed wholly to errors in instructions to the jury.    None are specifically mentioned in the motion nor in the assignments of error.    In his brief the defendant urges that the charge is argumentative.    We do not find it so.    In places em-

[1]Reported in 213 N. W. 34.

phasis is put upon features of the case favorable to the state and in others upon features favorable to the defendant; but reading the charge as a whole it is not justly subject to the complaint made.

The assignments assert error in rulings on evidence, but no specific one is mentioned. From the brief we gather that the defendant's claim is in connection with an objection made by the defendant to a question put by the state to a witness as to the extent of the defendant's intoxication. His objection was sustained, so the defendant cannot urge error in the ruling. He really complains, we infer, that in making the ruling the court remarked that the witness said that the defendant was intoxicated and "that settles it;" and his claim is that this was a declaration from the bench that the defendant was intoxicated. But not so. The court was speaking to the defendant's objection to the state's witness stating the degree of defendant's intoxication. It was a remark in support of a ruling favorable to the defendant, and whether the ruling was right or wrong is not presently important. And in its charge the court submitted the question of intoxication to the jury under a definition of which no complaint is made.

Order and judgment affirmed.